JS 44 (Rev. 3/99)  **CIVIL COVER SHEET**  APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Lydia Carter
1502 Lehigh Street
Easton, Pennsylvania 18042

**DEFENDANTS**
The Wood Company
6081 Hamilton Boulevard
Allentown, Pennsylvania 18101

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Lehigh
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hahalis & Kounoupis, P.C.
20 East Broad Street
Bethlehem, PA 18018
610-865-2608

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck / ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIW C/DIW W (405(g)) / ☐ 864 SSID Title XVI / ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: |  |  | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Title 42 U.S.C. § 2000e, et seq

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6-5-02    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

## UNITED STATES DISTRICT COURT

APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __1502 Lehigh Street, Easton, Pennsylvania 18042__

Address of Defendant: __6081 Hamilton Boulevard, Allentown, Pennsylvania__

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒
RELATED CASE, IF ANY:

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

### ARBITRATION CERTIFICATION
(Check appropriate Category)

I, __Nancy S. Skalangya__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __6-5-02__   _____ Attorney-at-Law   __55145__ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6-5-02__   _____ Attorney-at-Law   __55145__ Attorney I.D.#

CIV. 609 (9/99)

IN THE UNITED STATES DISTRICT COURT　　APPENDIX C
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| LYDIA CARTER, PLAINTIFF | : | CIVIL ACTION |
| v. | : | |
| THE WOOD COMPANY and HELEN McINDOE, DEFENDANTS | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1.03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. (X)

6-5-02
_____　_____
Date　　　　　　Attorney-at-law

　　　　　　　　　　　　　　　　Plaintiff
_____
　　　　　　　　　　　　　　　　Attorney for

(Civ. 660) 7/95

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYDIA CARTER,<br>    Plaintiff | : | CIVIL ACTION |
| | : | |
| | : | No. |
| v. | : | |
| | : | |
| THE WOOD COMPANY and HELEN McINDOE<br>    Defendants | : | JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Lydia Carter, (hereinafter "Carter" or "Plaintiff"). Plaintiff was an employee of The Wood Company (hereinafter "Wood"), who has been harmed by the race based harassment, race based discrimination, and retaliatory practices as well as other improper conduct by Defendants. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, et seq., the Pennsylvania Human Relations Act, Title 43 Pa Cons Stat Ann § 951 et seq. and Pennsylvania common law.

### II. JURISDICTION AND VENUE

1. The original jurisdiction of this Court is invoked and venue is in this District, pursuant to Title 28 U.S.C. §1331, 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000e, et seq.

2. The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1367, to consider Plaintiffs' claim arising under the Pennsylvania Human Relations Act, 43 Pa. C. S. A. §951 et seq., and under Pennsylvania common law.

3. All conditions precedent to the institution of this suit have been fulfilled. As to the Title VII claims, Plaintiff has invoked the procedure set forth in § 706(a) of Title VII and has received a Notice of Right to Sue as required by that statute. Plaintiff filed a Complaint of Discrimination with the PHRC against the Defendants, alleging, *inter alia*, race based employment discrimination and retaliation. Pursuant to the work sharing arrangement between the EEOC and the Pennsylvania Human Relations Commission, this filing constituted a contemporaneous filing with the EEOC. A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission on March 8, 2002, and more than one year has expired since Plaintiff's filing with the PHRC.

4. This action has been filed within ninety (90) days of receipt of said Notice from the EEOC.

### III. PARTIES

5. Plaintiff, Lydia Carter, is an adult African-American female citizen and resident of the Commonwealth of Pennsylvania residing at 1502 Lehigh Street, Easton, Pennsylvania.

6. Defendant, The Wood Company is a corporation organized and doing business under the laws of the Commonwealth of Pennsylvania with a principle place of business at 6081 Hamilton Boulevard, Allentown, Pennsylvania.

7. Defendant Helen McIndoe (hereinafter "McIndoe") is a white female resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action McIndoe was a Supervisor for Defendant Wood. At all times relevant hereto Defendant McIndoe was an agent, servant workman and/or employee of Defendant Wood, acting and/or failing to act within the scope, course, and authority of her employment and her employer, Wood. At all times relevant, McIndoe was acting in her supervisory and/or personal capacity.

8. At all times relevant hereto, Wood was acting through its agents, servants and employees including McIndoe.

9. At all times material herein, Defendant Wood is and has been a "person" and "employer" as defined under Title VII, and is subject to the provisions of said Act.

10. At all times relevant hereto, Defendant Wood owned, operated, controlled and managed the location at Dining Service, Marquis Hall, Lafayette University, Easton, Pennsylvania, by and through the conduct of its officers, managers agents and employees, all acting within the scope and course of their employment.

11. At all times relevant hereto, Defendant Wood acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

12. At all relevant times herein, Defendant Wood knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

13. At all times relevant herein, Defendant McIndoe aided and abetted the discriminatory conduct of Defendant J & L Precision Company.

## IV. CAUSES OF ACTION

14. Lydia Carter is an African-American female employee hired by Defendant Wood on or about March 17, 1996 as a Line Server. Plaintiff was employed in that position until she was terminated by Defendant Wood on or about October 2, 1997.

15. At all times relevant, Plaintiff, Lydia Carter, maintained satisfactory job performance and had at all times fulfilled all of the duties and obligations commensurate with that employment.

16. In retaliation for Lydia Carter reporting the hostile work environment, harassment, discrimination and retaliation to which she was exposed, she was ostracized and subjected to intensified harassment with the knowledge and acquiescence of

Defendant Wood.

17. At all times relevant hereto, Defendant Wood failed to establish, maintain and enforce an effective and well-known policy against harassment based on national origin that provided a meaningful complaint and reporting procedure.

18. Beginning in May 1996 and continuing until Lydia Carter was fired, Plaintiff was subjected to ethnic discrimination and retaliation by Defendant McIndoe, her supervisor, on numerous occasions in her presence, and in the presence of other employees, to repeated harassing, discriminatory, derogatory and degrading remarks made regarding Plaintiff and her race/color, including but not limited to

   (a) Commenting repeatedly about Plaintiff's hair "being like wool" to her;

   (b) Calling Plaintiff "Ms. Puff Ball" referring to her hair;

   (c) Commenting that she could use Plaintiff's head to clean pots and pans;

   (d) Calling Plaintiff a "gang banger;"

   (e) Asking Plaintiff why Blacks don't wrinkle;

   (f) Telling all white coworkers not to associate with Plaintiff because "it might rub off;"

   (g) Stating "We didn't allow you to go to school and learn during slave days."

19. In September 1997, Plaintiff reported the harassment by McIndoe to Beverly (last name unknown), the White/Female Assistant Manager and Phil (last name unknown), McIndoe's Supervisor.

20. Plaintiff also told Phil that McIndoe was setting her up to be fired, and Phil promised to take action to protect Plaintiff.

21. As a direct result of her complaint, Plaintiff was given a written warning, and the harassment by McIndoe intensified.

22. In or about September 1997, after Plaintiff complained about harassment, McIndoe

told Plaintiff that she was being given a written warning for "telling another employee what to do." In fact, the employee in question had been assigned to Plaintiff for training.

23. In September 1997, the McIndoe gave Plaintiff an unacceptable performance evaluation because of her race and in retaliation for reporting harassment.

24. On or about September 30, 1997 Plaintiff was terminated because of her Race, because she called a white co-worker a liar, when she falsely reported that Plaintiff was spreading rumors about another co-worker.

25. No action was ever taken against McIndoe, because of her racist conduct toward Plaintiff.

26. Defendant Wood has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and heard allegations from Plaintiff of harassment and discrimination at the Lafayette College location.

27. At all relevant times herein, Defendants knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

28. The aforementioned demeaning and degrading comments and conduct were made by Defendant McIndoe at a time when they spoke with the apparent authority of Defendant Wood. As a direct result of Defendant's demeaning and degrading statements about Lydia Carter with the authority of Defendant Wood, other employees, personnel and staff repeated Defendants comments and many employees, personnel and staff, including friends and acquaintances, did not want to associate, work or talk with Plaintiff and he was shunned at his place of employment.

29. Lydia Carter also repeatedly advised McIndoe that her conduct was inappropriate, not welcome and offensive.

30. Instead of investigating his allegations or taking prompt remedial actions, Defendant Wood and Defendant Indoe retaliated against Lydia Carter and failed to promptly and effectively address Plaintiff's complaints concerning Defendant McIndoe's harassment, discrimination and retaliation.

31. On or about September 30, 1997, in direct retaliation for Plaintiff reporting the aforementioned discriminatory conduct, and contrary to company policy, Defendant Wood discharged Plaintiff under the pretext that Lydia Carter was could not get along with her (white) co-workers.

32. Defendant Wood Company's supervisors, managers, and employees participated in and encouraged the discrimination and retaliation to which Plaintiff was subjected.

## COUNT I
## LYDIA CARTER
## v.
## WOOD COMPANY
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

33. Paragraphs 1 through 32, inclusive, are incorporated by reference as if fully set forth at length herein.

34. Based on the foregoing, the Defendant has engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, et seq.

35. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against her because of her opposition to the illegal conduct in the workplace, subjecting her to more onerous working conditions and treating her in a disparate manner.

36. All of the foregoing acts by Defendant were solely motivated by Plaintiff's race/color in violation of 42 U.S.C. § 2000e, et seq.

37. As a direct result of the aforesaid unlawful discriminatory employment practices

engaged in by Defendants in violation of Title 42 U.S.C. § 2000e, et seq., Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

COUNT II
LYDIA CARTER
v.
WOOD COMPANY
<u>RETALIATION UNDER TITLE VII</u>

38. Paragraphs 1 through 37 inclusive, are incorporated by reference as if fully set forth at length herein.

39. By the acts complained of, Defendant has retaliated against Plaintiff for exercising her rights under Title VII in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. §2000e et seq. in violation of these acts.

40. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

COUNT III
LYDIA CARTER
v.
ALL DEFENDANTS
<u>43 Pa.C.S.A.§951, et seq.</u>

41. Paragraphs 1 through 40 inclusive, are incorporated by reference as if fully set forth at length herein.

42. The unlawful actions of Defendants acting as aforesaid, constitutes a violation of 43 Pa. C.S.A.. § 951 et seq. of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against Plaintiff because of her expressed opposition to discriminatory conduct in the workplace, subjecting Plaintiff to more onerous working conditions and treating

Plaintiff in a disparate manner.

43. As a direct result of the Defendants' willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of her race/color, in violation of Title 43 Pa.S. C.A. § 951 et seq. of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

44. The actions and inactions of Defendant McIndoe aided and abetted the discriminatory actions of Defendant Wood Company.

COUNT IV
LYDIA CARTER
v.
ALL DEFENDANTS
RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

45. Paragraphs 1 through 44 inclusive, are incorporated by reference as if fully set forth at length herein.

46. By the acts complained of, Defendants have retaliated against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act in violation of said act.

47. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

48. The actions and inactions of Defendant McIndoe aided and abetted the retaliatory actions of Defendant Wood Company.

STATEMENT OF FACTS JUSTIFYING
THE IMPOSITION OF PUNITIVE DAMAGES

49. Paragraphs 1 through 48 inclusive, are incorporated by reference as if fully set forth at length herein.

50. At all times relevant hereto, Defendant Wood knew or should have known of the pattern of conduct in which the Individual Defendants had engaged and in which they continued to engage.

51. At all times relevant hereto, Defendant Wood knew or should have known that the aforesaid pattern of conduct was in violation of law and Defendant Wood Companys' stated policies and terms of employment.

52. Despite such knowledge Defendant Wood failed to adequately investigate, discipline or discharges its agents, servants and representatives who created a hostile work environment, harassed and subjected Plaintiff to a hostile work environment.

53. Defendant Wood failed and refused to properly protect and support Plaintiff and in fact subject or permitted her to be subjected to further racial harassment.

54. At all times relevant hereto, Defendant Wood acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff and other employees similarly situated.

55. At all times relevant hereto, the Individual Defendants acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff and other employees similarly situated.

## PRAYER FOR RELIEF

56. Plaintiff repeats the allegations of paragraphs 1 through 55 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendants and requests that this Court:

   a. Exercise jurisdiction over her claims;

   b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, and punitive damages;

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d. *Order Defendants* compensate *Plaintiff* with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

e. Order Defendants compensate Plaintiff with an award of front pay, if appropriate;

f. Order Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

g. Order Defendants pay to Plaintiff punitive damages and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

h. Order Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i. Reinstate Plaintiff to his former position;

j. Award Plaintiff her attorneys' fees and costs; and

k. The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

                HAHALIS & KOUNOUPIS, P.C.

By: _____
      NANCY S. SKALANGYA, ESQUIRE


By: _____
      DAVID L. DERATZIAN, ESQUIRE
      20 East Broad Street
      Bethlehem, PA 18018
      (610) 865-2608
      Attorneys for Plaintiff,
      Lydia Carter

Date: June 5, 2002