UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYDIA CARTER, | : | CIVIL ACTION NO.: 02-CV-3602 |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| THE WOOD COMPANY and HELEN McINDOE, | : | Assigned to the Honorable Bruce K. Kauffman |
| | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES**

The Wood Company and Helen McIndoe, by and through their Attorneys, Tallman, Hudders & Sorrentino, P.C. and pursuant to Fed. R. Civ. P. 8, hereby submit their Answer and Affirmative Defenses to the Complaint filed by Lydia Carter (the "Plaintiff") in the above-captioned matter.

**ANSWER**

**I. Preliminary Statement**

To the extent that Plaintiff's "preliminary statement" contains averments of fact, they are denied.

**II. Jurisdiction and Venue**

1. Denied.

2. Denied.

3. It is admitted that Plaintiff filed a Complaint with the PHRC against The Wood Company. It is denied that Plaintiff filed a Complaint with the PHRC against Helen McIndoe. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment that a Notice of Right to Sue was issued on March 8, 2002 and, accordingly, that averment is denied. The remaining averments of the paragraph are also denied.

4. Denied as Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

### III. Parties

5. Admitted

6. Admitted.

7. Admitted in part and denied in part. It is admitted that Defendant Helen McIndoe is a white female resident and citizen of the Commonwealth of Pennsylvania. It is also admitted that McIndoe is an employee of The Wood Company and that her job title is supervisor. The remaining averments of this paragraph are denied.

8. Admitted only to the extent that The Wood Company's agents, servants and employees, including Helen McIndoe acted within the course of their employment and within the legitimate scope of their managerial and/or supervisory responsibilities. It is specifically denied that any racially discriminating or harassing conduct or language, as alleged by Plaintiff, is attributable to The Wood Company.

9. Admitted.

10. It is admitted that The Wood Company manages the food service operations of Lafayette College in Easton, Pennsylvania. The remaining averments of this paragraph are denied.

11. Denied.

12. Denied.

13. Denied.

### IV. Causes of Action

14. It is denied that Plaintiff was terminated on October 2, 1997. The remaining averments of this paragraph are admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT I
## LYDIA CARTER
## v.
## WOOD COMPANY
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

33. Defendants incorporate by reference their answers to Paragraphs 1 through 32 above as though fully set forth herein at length.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT II
## LYDIA CARTER
## v.
## WOOD COMPANY
## RETALIATION CLAIM UNDER TITLE VII

38. Defendants incorporate by reference their answers to Paragraphs 1 through 37 above as though fully set forth herein at length.

39. Denied.

40. Denied.

## COUNT III
## LYDIA CARTER
## V.
## ALL DEFENDANTS
## <u>43 Pa.C.S.A. § 951, et seq.</u>

41. Defendants incorporate by reference their answers to Paragraphs 1 through 40 above as though fully set forth herein at length.

42. Denied.

43. Denied.

44. Denied

## COUNT IV
## LYDIA CARTER
## v.
## ALL DEFENDANTS
## <u>RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT</u>

45. Defendants incorporate by reference their answers to Paragraphs 1 through 44 above as though fully set forth herein at length.

46. Denied.

47. Denied.

48. Denied.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE DAMAGES

49. Defendants incorporate by reference their answers to Paragraphs 1 through 48 above as though fully set forth herein at length.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## PRAYER FOR RELIEF

56. Defendants incorporate by reference their answers to Paragraphs 1 through 55 above as though fully set forth herein at length.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendants.

## AFFIRMATIVE DEFENSES

Defendants, pursuant to Fed. R. Civ. P. 8(c), hereby assert the following affirmative defenses to the Plaintiff's claims:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, the doctrine of laches and/or Plaintiff's failure to meet filing deadlines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no actual damages or injuries for which Defendant is liable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of harassment are barred because the Wood Company exercised reasonable care to prevent harassment in the workplace, The Wood Company exercised reasonable care to correct promptly any harassment in the workplace and Plaintiff unreasonably failed to take advantage of preventative and/or corrective opportunities or to otherwise avoid harm to her.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant's termination of Plaintiff was not in violation of the Pennsylvania Human Relations Act, 43 P.S. §§ 955 and 962.

### NINTH AFFIRMATIVE DEFENSE

Defendant's termination of Plaintiff was not in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000(e).

### TENTH AFFIRMATIVE DEFENSE

All employment actions taken by Defendant with regard to Plaintiff were taken in good faith and for legitimate, non-discriminatory reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

Attorney's fees and punitive damages are not available under the PHRA. *See* Hoy v. Angelone, *supra*.

### TWELFTH AFFIRMATIVE DEFENSE

There is no right to a jury trial under the PHRA. *See* Wertz v. Chapman Twp., 741 A.2d 1272, 559 Pa. 630 (1999).

### THIRTEENTH AFFIRMATIVE DEFENSE

Compensatory and punitive damages are subject to the limits set forth in 42 U.S.C. § 1981a(b)(3).

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, as well as asserting affirmative defenses, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice and enter judgment for Defendants,

together with attorneys fees, costs, and expenses and such other relief as the Court deems appropriate.

          TALLMAN, HUDDERS & SORRENTINO, P.C.

BY: _____
       Oldrich Foucek III, Esquire
       Attorney I.D. No.: 21554
       The Paragon Centre, Suite 300
       1611 Pond Road
       Allentown, PA 18104-2258
       (610) 391-1800

       Counsel for Defendants,
       The Wood Company and Helen McIndoe

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYDIA CARTER, | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| THE WOOD COMPANY and HELEN McINDOE, | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2002, a true and correct copy of the foregoing Answer and Affirmative Defenses was served via United States first class mail, postage prepaid, upon:

David L. Deratzian, Esquire
Nancy S. Skalangya, Esquire
Hahalis & Kounoupis, P.C.
20 East Broad Street
Bethlehem, PA 18018

TALLMAN, HUDDERS & SORRENTINO, P.C.


BY: _____
Oldrich Foucek III, Esquire